## UNITED STATES DISTRICT COURT
## District of Massachusetts

**ERIC J. DUARTE , PRO SE**

**Docket No:**

**v.**

**JURY DEMAND**

**Norfolk County Sheriff Office, et al**

1. Norfolk County Sheriff Office
2. Sheriff Patrick W. Mcdermott
3. Superintendent Danielle Frane
4. Mental Health Director Anne Collins
5. Medical Director Deputy Tara Flynn
6. Deputy Bill Casteel
7. Deputy Linsky
8. Deputy James Gannon
9. Deputy Thomas Brady
10. Captain Russo
11. Captain Jack Kilrain,Jr.
12. Captain John Cosgrave
13. Captain Kelly Cosgrave-Jenks
14. Captain Steve Shingold
15. Lt. James Mcquaid
16. Lt. John Nee
17. Lt. Patrick Weir
18. Sgt. Alexander Snyder
19. Sgt. SIma Junkovic
20. Officer Justine Miller
21. Officer James Hooley
22. Officer Gershon Louis
23. Officer Junkins
24. Officer McCinnis
25. Officer Windwalker
26. Officer O'Donnell
27. LICSW, Ashley Hanneken
28. Nurse Amanda
29. Nurse Sherry
30. Nurse Stephanie Vinson
31. Nurse Lori Sullinsky
32. Nurse Rose Margolis
33. Nurse Ed Reilly
34. Nurse Mike Kauranen
35. Officer Jesse Windwalker

36. Officer John Iaconnelli
37. Officer Brendan Doogan
38. Officer Michael Bartlett
39. Officer Outerbridge
40. Officer RodrigueZ
41. Officer Andrews
42. Officer Anders
43. Officer Reed

## 1. INTRODUCTION

A. This is a § 1983 , action filed by plaintiff Eric J. Duarte, alleging violations of his constitutional rights to medical care , and, seeking injunctive relief , and, money damages.

B. This is a action § ALM gl ch. 12 §§ 11 H, I  (MCRA) , filed by plaintiff defendants drew inference with use of threats, intimidation , and, coercion in retaliation alleging violations of his constitutional rights to recieve medical care ,and, seeking injunctive relief , and, money damages.

C. Plaintiff also seeks an injunction relief ,and, money damages through but not limited to the municipality custom of gang-stalki ng to harass in retaliation causing inference with intentional infliction of emotional distress (IIED) pain, suffereing as the defendants forced this plaintiff into restraint chair three jseperaate times in 18 hoäurs,forced on "suicide watch" for very long duration 01/13/2022 , through 03/19/2022, forcing me to stab myself through municipality custom through voice 2 god communictions while housed in medical, over protest, without conseäh, and, without provocation requiring surjeries causing damages and twooweek transfer to evaluate and stabilize unit (ESU), at, Middlesex County Sheriff Office in retaliation.

This action is a §§1983:MCRA, FILED BY this plaintiff a pretrial detainee at NOrfolk COunty SHeriff Office, from January 13, 2022 through this present day, causing the transmission of over 20 other civil actions that have been commenced in state ,and, federal courts that are regarding conditions of confinement at NCSO, all resulting from this same municipality custom of gang stalking to harass with threats, intimidation and coercion in retaliation to protected free speech ,and, adverse actions to sexual discrimination ,and, harassment that have cuased injurioes physically, emotionally, mental anguish.

E. this action is a MCRA§ 1983 , state and federal civil rights acts through the United STates constitution amendments 1 , 4 , 5 6 , 14 , and, Massachusetts Declaration of Rights Articles 1, 10, 12 , 26, and, the equal protection clauses of both #14

## I.    Preliminary Statement

A.    The plaintiff, Eric J. Duarte, Pro Se ,in this claim, brings this action for total breach of contract pursuant 42 USC§1983 , under color of state of Massachusetts laws, pretense to any statute, customs, regulations, ordinances, or, usages, of, any, rights, privileges or, immunities, secured to plaintiff by the Constitution of the United States and Massachusetts, to redress the deprivations under color of state law for willfully, intentionally, interfering, blocking and/or stopping plaintiff 14th amendment rights to be free from cruel & unusual punishment, due process, and equal protection clauses of law by subjecting the plaintiff to illegal housing due to significant deficiencies in delivery of mental health services within the , NCSO, denying due process protections in the (SHU) special housing unit and being held on "mental health crisis intervention suicide watch" for a total of 16 separate times between, September 2021 , through November 08, 2023, and keeping from general population in restrictive housing in retaliation pursuant 103DOC650.02(W), while they implement municipality custom of gang-stalking to harass ALM gl ch. 265§§37, 43, 43A, causing torture chamber perpetuating crimes against humanity that even result to cold blooded murder forcing plaintiff to attempt suicide numerous times stabbing himself while under suicide watch being housed in medical unit.

B.    All of the defendants have come up with ways to implement punishments to torture, punish, plaintiff a pre-trial detainee, committing crimes against humanity in violations of United States Constitution (USC ) Amendments 1 , 4 , 5 , 6, and 14, and Massachusetts Declaration of Rights ( MDOR ) Articles 1, 10, 12 , 14, 26 , through both:

        1.    ALM gl ch. 12§§11H, I    2. 42 USC § 1983

C.    Defendants, Norfolk County, County Sheriff Patrick W. Mcdermott , Jail Superintendent Danielle Frane , and mental health director, LICSW, Anne Collins, and , Medical Director, Deputy Tara Flynn ,plus numerous other board members including court officials, Deputy James Gannon, Deputy Bill Casteel, Deputy Linsky, that are responsible for denying plaintiff grievances for property interests and required protocols to sex abuse prevention response or PREA 103 DOC §519 ; 103DOC §522 ; 28CFR§115, forcing to be housed in medical housing unit on emergency crisis intervention suicide watch for total of 16 separate times from general population to medical hused with no proeprty violations 14 th amendments rights to due process, cruel & unusual punishment, equal protection clauses of the USC , and, MDOR Articles 1, 10, 12, 26.

D.    Plaintiff seeks money damages to remedy and redress the deprivations of his constitutional rights ,plaintiff also prays for permanent injunctive relief and declaratory relief against the customs and practices of NCSO, as violative of both state and federal rights guarantees of liberty of plaintiff and other prisoners who also have, are and will be subjected to the customs and

practices of defendants that are in complete contradiction of legislative intent enacting laws and of judicial interpretation of that law.

E. Defendants Collins, Frane, Mcdermott discourages evaluations due crime bill and it's broader definitions and protections and do not allow proper mental health treatment and practices to implement even crisis intervention watch cells to be housed in medical housing as punishments and retaliations with various methods of abuse and torture failing to intervene and stop plaintiff from self injuring, and covering it up.

## II.  JURISDICTION

F  This court is authorized under the first, fourth fifth, sixth, and fourteenth amendments to the constitution of the United States through the 42 USC§1983 while under color fo state law..

G  This court is authorized through the first, tenth, twelfth, fourteenth, twenty-sixth articles of Massachusetts Declaration of Rights through both:

   a)  42 USC§1983, 85(3)  FCRA
   b)  ALM gl ch. 12 §§11 H, I MCRA

## I.    JURISDICTION

## II.  JURISDICTION

This court is brought pursuant to :

1.  42 U.S.C. § 1983  FCRA

TO SECURE PROTECTIONS OF AND REDRESS DEPRIVATIONS OF RIGHTS SECURED TO PLAINTIFF WHILE BEING UNDER COLOR OF STATE LAWS.

The first, fourth, fifth, sixth and fourteenth amendments to the constitution of the United States providing for the rights of all persons within jurisdiction of United States through economic & psychological violence with intimidation and fear, from seeking equal protection of law from enjoying equal privileges , immunities as a citizens secured by Constitution of the United States , namely the due  process and equal protection clauses of the fourteenth amendments , the fourth amendment right to be free from unreasonable or unwarranted restraints of personal Liberty, to be secure in their persons; houses and papers and effects, against unreasonable searches and seizures, fourth amendments rights to privacy, fifth amendment rights to due process of law, not to be deprived life, liberty, or property , without due process of law, sixth amendment right not to have interfering with witness, rights to petition their goverment for redress of deprivations and rights to free speech, access to courts of the first amendment , fourteenth amendment rights to be free from cruel & unusual punishment without due process of laws through the:

1.  42 U.S.C. §§ 1983, 85 (3)  FCRA

2. ALM gl ch. 12 §§ 11 H, I  MCRA

This court is invoked jurisdiction through  the Massachusetts Civil Rights Acts  ( MCRA ) , ALM gl ch. 12 §§ 11 H, I , in retaliation employed threats,. intimidation and coercion as forms of sexual discrimination and harassment violations of first, fourth, fifth, sixth, and fourteenth amendments to the Constitution of the United States ( USC ).

The defendants implementation of municipality custom of gang-stalking to harass ALM gl ch. 265 §§ 43, 43 A, under common state laws subjecting the plaintiff to the intentional infliction of emotional distress (IIED), negligence, and gross negligence under common Massachusetts state laws.

The plaintiff also seeks any other claims seeking damages on the above mentioned statutes as result to the unlawfull condtitions of confinement and violations of civil rights and tortious conduct acts complained of herein were committed within state of Massachusetts, county of Norfolk, and this court is proper venue because the entire action before the court comprises one constitutional civil rights case, and the claim arises out of the same operative facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

COMMONWEALTH OF MASSACHUSETTS

Eric J. Duarte , Pro Se

v

Nrfolk County Sheriff Office, et al

Sheriff Patrick W. Mcdermott
Superintendent Danielle Frane
Captain Jack Kilrain, Jr.
Captain John Cosgrave
Sgt. Alexander Snyder
Sgt. Sima Junkovic
Officer Jesse Windwalker
Officer John Iaconnelli
Officer Brendan Doogan
Officer Michael Bartlett
Officer  Outerbridge
Officer Rodriguez
Officer Andrews
Officer Reid
Officer Anders
Officer Kelly
Officer O' Donnell

This action is for money damages through declaratory and injuncti ve relief in order to restore this controversy , Plaintiff reques ts , as Administrator to Estate of Eric John Duarte that pursuant to 28 USC §2201 this court declare the respective rights and duties of the parties in this matter in particular that this cour t declare excessive use of force through the intentional acts of placing plaintiff into the restraint chair on 3 seperate incidents in a 2 day time frame on January 14, and January 15 2022 as they taunted the plaintiff through electronic comm device as they implemented the municipality custom of stalk to harass ALM gl ch. 265 §§43, 43A , then declare that amendments 1 , 4 , 5 6 and 14 of the constitution of United States , and of the state of Massachusetts Declaration of Rights Articles 1 , 10 , 12 14 , 16 , and 26 is enforcable to the extent that it conflicts with the state and federal civil rights acts, FCRA 42 USC§1983 and MCRA ALM gl ch. 12§§H,I while under color of law employed threats , intimidation and coercion in retaliation.

Plaintiff is denied the right to petition the goverment for redre ss of grievances by the denial of all rights to fruits of propert but not limited to , effectively the rights to be free from. staalking to harass and cruel and unusual punishment.

The attorney general of the state of Massachusetts is the chief executive in the department of law of the state of Massachusetts and as such is responsibile for the prosecution and defense of allocations and negligence in which the state has an interest, including those in which constitutionality of state statutes is raised , the plaintiff has no adequate remedy at law or before the courts in the STate of Massachusetts.

## III.   PARTIES

3   At all times relevant hereto, defendant Norfolk County Sheriff Office , at all times herein, was acting such capacity as the municipal corporation charged with and responsible for appointing and promoting through the Sheriff of the Norfolk County Sheriff Office the members and agents, servants, and employee of Norfolk County Sheriff Office and for the supervision, training, instructions, discipline, control and conduct of the NCSO, and it's personnel.

At all relevant times, defendant municipality had the power, right, and duty to control the manner in which the individual defendants carried out the objectives of their employment and to see that all orders, rules, instructions and regulations promulgated for the NCSO, were consistent with constitution and laws of the municipality.

a    Principal place of business:

b    Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c    He is sued individually and in his official capacity.

At all times relevant hereto, defendant Sheriff Patrick W. Mcdermott , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

a    Principal place of business:

b    Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c He is sued individually and in his official capacity.

At all times relevant hereto, defendants Superintendent Danielle Frane , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

a    Principal place of business:

b    Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c    He is sued individually and in his official capacity.

At all times relevant hereto, defendants Deputy Bill Casteel , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

a    Principal place of business:

b    Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c    He is sued individually and in his official capacity.

At all times relevant hereto, defendants mental Health Director LICSW , Anne Collins , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

a    Principal place of business:

b    Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c    He is sued individually and in his official capacity.

At all times relevant hereto, defendants Medical Director , Nurse, Deputy, Tara Flynn, at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

Principal place of business:

Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

He is sued individually and in his official capacity.

At all times relevant hereto, defendants Deputy James Gannon , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

Principal place of business:

Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

He is sued individually and in his official capacity.

At all times relevant hereto, defendants Deputy Thomas Brady , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

Principal place of business:

Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

He is sued individually and in his official capacity.

At all times relevant hereto, defendants Deputy Linsky, at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

Principal place of business:

Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

He is sued individually and in his official capacity.

At all times relevant hereto, defendants Captain Steve Shingold , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

Principal place of business:

Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

He is sued individually and in his official capacity.

At all times relevant hereto, defendants Captain Jack Kilrain,Jr , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

Principal place of business:

Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

He is sued individually and in his official capacity.

At all times relevant hereto, defendants Captain Kelly Cosgrave-Jenks , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

Principal place of business:

Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

He is sued individually and in his official capacity.

At all times relevant hereto, defendants Captain John Cosgrave , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

Principal place of business:

Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

He is sued individually and in his official capacity.

At all times relevant hereto, defendants Captain Russo , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

Principal place of business:

Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

He is sued individually and in his official capacity.

At all times relevant hereto, defendants Lt. James Mcquaid , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

Principal place of business:

Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

He is sued individually and in his official capacity.

At all times relevant hereto, defendants Lt. john Nee , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

Principal place of business:

Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

He is sued individually and in his official capacity.

At all times relevant hereto, defendants Lt. Patrick Weir , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

Principal place of business:

Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

He is sued individually and in his official capacity.

At all times relevant hereto, defendants Sgt. Sima Junkovic , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

a Principal place of business:

b Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c He is sued individually and in his official capacity.

22 At all times relevant hereto, defendants Sgt. Alexander Snyder, at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

a Principal place of business:

b Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c He is sued individually and in his official capacity.

23 At all times relevant hereto, defendants Officer Justine Miller , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

a Principal place of business:

b Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c He is sued individually and in his official capacity.

24 At all times relevant hereto, defendants Officer James Hooley, at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

a Principal place of business:

b Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c He is sued individually and in his official capacity.

25 At all times relevant hereto, defendants Officer Gerson Louis, at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

a Principal place of business:

b Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c He is sued individually and in his official capacity.

26 At all times relevant hereto, defendants Junkins , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

as Principal place of business:

b Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c He is sued individually and in his official capacity.

27 At all times relevant hereto, defendants Mcinnis, at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

a    Principal place of business:

Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c    He is sued individually and in his official capacity.

28    At all times relevant hereto, defendants Windwalker , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

a    Principal place of business:

b    Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c    He is sued individually and in his official capacity.

29    At all times relevant hereto, defendants O'Donnell , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

a    Principal place of business:

b    Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c    He is sued individually and in his official capacity.

31    At all times relevant hereto, defendants LICSW, Ashley Hanneken, at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

a    Principal place of business:

b    Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c    He is sued individually and in his official capacity.

32    At all times relevant hereto, defendants Nurse Amanda , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

a    Principal place of business:

b    Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c    He is sued individually and in his official capacity.

33    At all times relevant hereto, defendants Nurse Sherry, at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

a    Principal place of business:

b    Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c    He is sued individually and in his official capacity.

34    At all times relevant hereto, defendants Nurse Stephanie Vinson, at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

a    Principal place of business:

b    Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c    He is sued individually and in his official capacity.

35    At all times relevant hereto, defendants Nurse Lori Sullinski , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

a    Principal place of business:

b    Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c    He is sued individually and in his official capacity.

36    At all times relevant hereto, defendants Nurse Ed, ( Reilly) , at all times herein, was acting such capacity as the agents, servants, and employee's of Norfolk County Sheriff Office.

a    Principal place of business:

b    Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c    He is sued individually and in his official capacity.

37    At all times relevant hereto, defendants Nurse Rose , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

a    Principal place of business:

b    Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c    He is sued individually and in his official capacity.

38    At all times relevant hereto, defendants Nurse Mike Kauranen , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

c    Principal place of business:

b    Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

a    He is sued individually and in his official capacity.

39    At all times relevant hereto, defendants LICSW, Christine Leete , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

a    Principal place of business:

b    Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c    He is sued individually and in his official capacity.

40    At all times relevant , the defendants, their agents, and their employee's were acting under the color of state of Massachusetts laws, pretense of any statute, regulations, or customs, of any

rights, privileges or immunities secured to plaintiff by provisions of the constitution of the United States and Massachusetts.

41. At all times relevant hereto, defendants Officer Jesse Windwalker , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

a. Principal place of business:

b. Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c. He is sued individually and in his official capacity.

42. At all times relevant hereto, defendants Officer John Iaconnelli , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

a. Principal place of business:

b. Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c. He is sued individually and in his official

43. At all times relevant hereto, defendants Officer Brendan Doogan, at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

a. Principal place of business:

b. Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c. He is sued individually and in his official capacity.

44. At all times relevant hereto, defendant Officer Michael Bartlett , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

a. Principal place of business:

b. Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c. He is sued individually and in his official capacity.

45. At all times relevant hereto, defendants Officer Outerbridge , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

a. Principal place of business:

b. Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c. He is sued individually and in his official capacity.

44. At all times relevant hereto, defendants Officer Rodriguez , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

a. Principal place of business:

b. Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

a    He is sued individually and in his official capacity.

At all times relevant hereto, defendants Officer Andrews, at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

a    Principal place of business:

b    Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c    He is sued individually and in his official capacity.

48    At all times relevant hereto, defendants Officer Anders , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

a    Principal place of business:

b    Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071

c    He is sued individually and in his official capacity.

49    At all times relevant hereto, defendants Officer Reed , at all times herein, was acting such capacity as the agents, servants, and employee of Norfolk County Sheriff Office.

a    Principal place of business:

b    Norfolk County Sheriff Office, 200 West Street, P.O. Box 149, Dedham, MA, 02071 .

c    He is sued individually and in his official capacity.

50    Each defendant is sued individually and in his or her official capacities.

a    At all times mentioned in this complaint, each of defendants acted under the color of state law.

## IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

51    The plaintiff exhausted all administrative remedies

## V.    STATEMENT OF FACTS

## VI.    SHORT PLAIN STATEMNT OF THE CLAIM THAT THE PLEADER IS ENTITLED RELIEF

**PRELIMINARY STATEMENT**

## (a) Federal Civil Rights Act (FCRA) : 42 USC§ 1983

.to redress the deprivation under color of state of Massachusetts law of plaintiff Eric J. Duarte rights , privilege , and immunities secured by the constitution of the United States

, as well as the deprivation of the rights of pre-trial detainee namely the first , fourth , fifth and the fourteenth amendments of the United States Constitution.

, Plaintiff seeks money damages to redress & remedy the deprivations of their constitutional rights.

( plaintiff prays for injunctive & declaratory relief against the totality of conditions & practices of the Norfolk County Jail Facility as violative of the federal constitution guarantee & rights of plaintiff, or will be subjected to the totality of conditions and practices of the Norfolk County Jail Facility.

___. In addition plaintiff invoke the pendant jurisdiction of this court related , ancillary and pendent state law claims.

. Finally plaintiff seek an award of attorney fees and costs pursuant to; 42 USC§ 1988 ;

PARTIES IV. DEFENDANTS

14Defendants Norfolk County is a body politic and corporate , duly organized and existing under the laws of the state of Massachusetts and pursuant to law is capable of being sued in this Court.

Defendant Norfolk County is responsible for the policies , practices and customs of its Sheriff Department , as well as the hiring , training , supervision , control and discipline of its Deputy Sheriff and jailors , Norfolk County is and was the employer of the police personnel named herein as individuals defendants.

. Defendant Norfolk County is also responsible for the operation , practices , and totality of conditions of its jail facility.

Norfolk County acts or fails to act through its policy making officials , including , but not limited to its County Board members , the chairman of the County Board , members of the County Board Ad HOC building and Judicial and law enforcement committees , the Sheriff of Norfolk County , and the Jail Superintendent of Norfolk County, the acts and edicts of these policy making officials represent also the policies , practices and customs of Norfolk County.

Defendant Patrick W. Mcdermott is and was the Sheriff of Norfolk County , and in that capacity is and was responsible for establishing or failing to establish the policies , practices , and

Plaintiff Eric John Duarte is a Citizen of the United States, and a resident of the county of
Norfolk, State of Massachusetts.

He sues on behalf of Administrator of his own Estate and own behalf of who have been subjected to and injured or who are and/or will be subjected to and injured by totality of conditions and practices of the Norfolk County Jail Facility which are violative of the Constitutional rights of plaintiffs, as well as other pre-trial detainees.

Plaintiff Eric John Duarte, AKA Eric John Cardoza DOB 10/06/1981 SS# 3796

'laintiff was born in Fall River, Massachusetts, St. Annes Hospital

Plaintiff has been a pre-trial detainee since August 08, 2021 besides posting $ 1,000.00 bail on December 06, 2021 until January 13, 2022, which he has been incarcerated since under the defendant Sheriff Patrick Mcdermott and Superintendant Danielle Frane care and custody, the person who is in direct care of plaintiff and who continue to refuses to care for him is Mental Health Director Anne Collins she is directly responsible for not following required protocols while she assisted the defendants in stalking to harass through electronic comm devices.

ı. Defendant, Norfolk County Sheriff's Office, et al (NCSO, et al), Dedham House.

Correction & Jail ( DHOC/J ). Powers defined under ALM gl 126§ 4, 8 ;

4. At all times material hereto, the plaintiff was under the care and treatment of the

Defendant (NCSO) Norfolk County Sheriff Office, Sheriff Patrick W. Mcdermott and

Superintendant Danielle Frane by & through the defendant's servants, agents, employees,

l/or representatives (collectively officers).

Jefendants Norfolk County is a body politic and corporate, duly organized and existing under the laws of the state of Massachusetts and pursuant to law is capable of being sued in this Court.

Defendant Norfolk County is responsible for the policies, practices and customs of its Sheriff Department, as well as the hiring, training, supervision, control and discipline of its Deputy Sheriff and jailors, Norfolk County is and was the employer of the police personnel named herein as individuals defendants.

Defendant Norfolk County is also responsible for the operation, practices, and totality of conditions of its jail facility.

j) Norfolk County acts or fails to act through its policy making officials, including, but not limited to its County Board members, the chairman of the County Board, members of the County Board Ad HOC building and Judicial and law enforcement committees, the Sheriff of Norfolk County, and the Jail Superintendent of Norfolk County, the acts and edicts of these policy making officials represent also the policies, practices and customs of Norfolk County.

Defendant Patrick W. Mcdermott is and was the Sheriff of Norfolk County, and in that capacity is and was responsible for establishing or failing to establish the policies, practices, and regulations for the conduct of the Norfolk County Sheriff Department and its employees. Defendant County Sheriff is and was responsible for the hiring, training, supervision, discipline, and control of all members of the Norfolk County Sheriff Department. Defendant County Sheriff is and was the commanding officer of the other police personnel named herein as individual defendants. Defendant County Sheriff is and was constitutionally and statutorily responsible also for the operation, practices, and totality of conditions of Norfolk County Jail Facility. Defendants County Sheriff at all times herein was acting in such capacity as the agents, servant, employee of Norfolk County.

Defendant County Sheriff is sued individually and in his official capacity and has a constitutional and statutory responsibilities for the conditions and practices of the Norfolk County Jail Facility, and defendant County Sheriff is also the custodian of the jail facility by virtue of ALM gl ch 127§1A, 9A,9B responsible for the neglect and omission of the duties of all deputy sheriff and jailors, by virtue of ALM gl sh 125§§3, 13, and charged with furnishing necessary bedding, clothing, and medical aid for all persons detained in the jail facility, by virtue ALM gl ch. 126§33 and ALM gl ch. 124§1(a-q). In addition, defendant County Sheriff is and was responsible for the insuring that the deputy sheriff & jailors of the Norfolk County Sheriff Department obeyed regulations of the Norfolk County Sheriff Department, the ordinances and laws of Norfolk County, and the laws and constitution of the state of Massachusetts and the United States. Defendants County Sheriff is and was responsible also for the establishment of policies, procedures, and guidelines for the arrest, jailing and safekeeping of pre-trial detainees housed in the Norfolk County Jail Facility.

Defendant Danielle Franc is and was the Chief Jailor and Jail Superintendent of the Norfolk County Sheriff Department, and in that capacity is and was constitutionally and statutorily responsible also for the training, supervision, discipline, and control of all deputy jailors, as well as the operations, practices, totality of conditions of Norfolk County Jail Facility. Defendant Jail Superintendent has

statutorily responsible for also ensuring that Norfolk County Jail Facility conforms to the requirements of Massachusetts law, and the laws and Constitution of the United States.

X    In addition, defendant Jail Superintendent is and was responsible for the establishment of policies, procedures, and guidelines for the arrest, jailing, disciplinary process, crisis intervention, MH watches, and safekeeping of pre-trial detainees housed in the Norfolk County Jail Facility. Defendant agents, servant and employee of Norfolk County.

She is sued individually and in her official capacity.

Y    Defendant Patrick Mcdermott, is County Sheriff has a constitutional and statutory responsibility for the conditions and practices of the Norfolk County Jail Facility, and defendant County Sheriff is responsible for maintaining the jail facility, and defnendant County Sheriff is responsible for maintaining the jail facility in conformity with constitutional requisite.

Z    Defendant County Sheriff is also the custodians of the jail facility by virtue§§ ALM gl ch. 126 §§4, 8, responsible for the neglect and omissions charged with furnishing necessary clothing, bedding and medical aid for all persons detained in jail facility by virtue § 13 DOC§630; ALM gl ch. 126§ 33.

AA    In addition, defendant County Sheriff is and was responsible for insuring that the deputy sheriff and jailors of Norfolk County Sheriff Department obeyed regulations of the Norfolk County Sheriff Department, the ordinances and laws Norfolk County, and the laws and Constitution of the State of Massachusetts and the United States.

BB    Defendant County Sheriff is and was responsible also for the establishment of policies, procedures, and guidelines, for the arrest, jailing and safekeeping of pre-trial detainees housed in Norfolk County Jail Facility.

CC    Defendant Superintendent Danielle Frane is and was the chief jailor and Jail Superintendent of Norfolk County Sheriff Department, and in that capacity is and was constitutionally and statutorily responsible also for the training, supervision, discipline and control of all deputy jailors, as well as the operation, practices, and totality of conditions of the Norfolk County Jail Facility.

DD    Defendant Jail Superintendent has statutorily responsibility also for ensuring that the Norfolk County Jail Facility conforms to the requirements of Massachusetts laws, and laws of constitution of the United States, in addition, defendant Jail Superintendent is and was responsible for the establishment of policies, procedures, and guidelines for the arrest, jailing, and safekeeping of pre-trial detainees housed in the

EE  Norfolk County Jail Facility. Defendant Jail Superintendent, at all times herein, was acting in such capacity as the agent, servant and employee of Norfolk County.

I  She is sued individually and in her official capacity.

FF  Defendant Deputy Sheriff is and was at all times of the Norfolk County Sheriff Department at all times relevant hereto, and at all times herein was acting in such capacity as the agents, servant and employee of Norfolk County.

I  They are sued individually and in there official capacity

GG  Defendants MHD Anne Collins, MD P.A. Pickett, Deputy Tara Flynn, Deputy Bill Casteel, Deputy Linsky, Deputy James Gannon, Deputy Thomas Brady, J. Davies, are & were board members of the Norfolk County Board, and at all times herein were acting in such capacity as the agents, servants, and employees of Norfolk County, the identity and number of said defendants are presently unknown to plaintiff.

## V.  II STATEMENT OF FACTS

This action is for money damages another civil action against NCSO, and, SHeriff Patrick W. Mcdermott, and conditions of confinement I suffered as direct result to the municipality custom of gang-stalk to harass ALM gl ch. 265 §§ .43, 43A , with threats, intimidation and coercion in retaliation that began in September 2021, confinement that was eventually bailed out on December 06, 2021 for $ 1,000.00 cash out the NCSO, and, was brought to Forrest Hills train station and dropped off.

The plaintiff was directly involved with intense treatment voluntarily placing myself in couple different dual diagnosis holdings High point-ARI, in Brookline, was one for few days but then went Dimock Detox, in, Boston, to be cleared to have placement in the Recovery Center of America "RCA", which I lasted there 1 month an got into argument with nurse who in return kicked me out TSS holding facility at 10PM, at nightime without approval , and had UBER drop me off in middle of Boston, on Massachusetts Avenue at 1AM.

This was January 10,2022, and I made it into January 13, 2022, when some asian girl " called me down the street potraying to be getting forced into a moving car, getting me to run haLF block in split second so she could take my picture awaitng around the corner then calling police coaxing lies, while at police statiton in Quincy Police Department they increased false criminal charges that they blatantly ied that the holding cell camera could prove my innocence committing acts of perjury to have indicted , inbter fering with witness i was brought to NCSO, DHOC/J , on , January 13, 2022, was immediately booked and placed into medical unit HSU

The jail facility is and has been staffed with ill-trained and untrained jailors; the jailors and other employees of NCSO have not been trained to and are ill-equipped and unable to identify, monitor, or safeguard suicidal, intoxicated, distressed or emotionally disturbed pre-trial detainees.

53. Defendant deputy sheriff and deputy jailors and the rest of the jail staff have had no such adequate training, and were and are unable to identify, monitor, or safeguard suicidal distressed, emotionally disturbed pre-trial detainees.

54. The NCSO and jail facility lack any adequate guidelines, procedures, or capability to screen, treat, or monitor suicidal, intoxicated, or emotionally disturbed persons. In addition, the NCSO and jail facility lack adequate guidelines, procedures, or capability to make medical treatment available or accessible to suicidal distressed or emotionally disturbed pre-trial detainees, to safely house said persons, or to protect persons from harm, injury or death.

55. The NCSO has not and is not accredited or certified by the National Commission on Correctional Health Care as providing medical care and health services which meet the standards for health services in jail's as promulgating by American Medical Association and adopted by the National Commission on Correctional Health Care.

56. The NCSO, the Norfolk County Board and defendant County Sheriff and Jail Superintendent have also failed to and refused to appropriate adequate funds for upkeep, repair & staffing of Jail Facility. The refusal of said defendants to so act was in derogation of duty of Norfolk County to these aforesaid deaths, injuries, and suicide incidents are and were caused by the practices and totality of conditions at the jail facility, including the physical design of the cells, the over crowding

## SEXUAL HARASSMENT

57. In this complaint; plaintiff alleges that he suffered discriminatory treatment at the hands of the defendants, plaintiff allege that defendants:

1. County Sheriff Patrick W. Mcdermott
2. Jail Superintendent Danielle Frane
3. Mental Health Director Anne Collins
4. Captain Jack Kilrain, Jr.
5. Captain John Cosgrave
6. Captain Kelly Cosgrave-Jenks
7. Other unknown individual agents of County Sheriff and Jail Superintendent

58. Engaged in patterns and practices of discrimination against plaintiff with respect to terms, conditions of confinement and privileges because of plaintiff sex, in violations of ALM gl ch. 265 § 37.

2H

4

protected free speech of plaintiff in retaliation thought he organized gang-stalking to harass as set forth above plaintiff attempting to notify officials nobody would listen to plaintiff as they taunted him forcing him to attempt suicide and stand on his toilet so somebody would listen to plaintiff pleas as they just employed punishment while under color of law enforcing a unconstitutional policy of stalking to harss.

167. On Januuary 14, 2022 at approximately and while plaintiff was home in his jail cell on crisis intervention in medical mental health watch with camera in cell heightened security watch , the defendant demanded entry into plaintiff cell , shoved plaintiff out his doorway an entered said premises without consent of plaintiff herein and over protest.

150. At the above mentioned date , time and place and upon entering said premises the defendant seized the plaintiff brought him against his will , without consent and over protest to the retraint chair as punishment 103cmr505.13(2) force used was excessive because it was not reasonably necessary to force plaintiff in restraint chair as form of harassment and punishment as direct injury while under color of law caused plaintiff injury where he was unlawfully imprisoned and detained under the direction of defendant Sgt. Alexander Snyder[28] and from the shift commander Captain John Cosgrave the husband of Captain Kelly Cosgrave-jenks who the adverse actions over the sexual discrimination with his wife.

151. Defendants kept plaintiff detained for several hours against his will , all without consent and over protest of plaintiff in retaliation[29] while they were actively stalking to harass by electronic com device.

## 3. SRT activation #   22-0114-337        Sgt. Alexander Snyder

152. Security Response Team Leader was Sgt. Alexander Snyder informational report # 22-0114-338 , he activated a team with the approval of Superintendant Danielle Frane who at all times was in direct communications taunting the plaintiff stalking to harass which what instigated the 2 day harassment with excessive use of force as punishment on 3 separate occasion, plaintiff would not of been in fight with another inmate and placed in isolation , force used was excessive because it was not reasonably necessary to force plaintiff in restraint chair as punishment & form of harassment as direct injury while under color of law caused plaintiff injury, the force used was excessive because it was not reasonably necessary to restore order or maintain discipline circumstances were not tense , uncertain or rapidly changing the defendants did it in retaliation and harassment.

a) Officer Andrews – shield
b) Officer reid – right restraint
c) Officer John iaconelli – left restraint   22-0114-332
d) Officer Anders – lower extremities
e) Officer Kelly chemical agent
f) Officer o' donnell – camera

---

[28] 22-0114-338
[29] Officer Jesse Windwalker 22-0114-327 at 19:45

g) Nurse Rezendes cleared plaintiff for use of chemicals

153. On January 14, 2022 at 19:45 the defendants Officer Jesse Windwalker # 22-0114-327 , officer John Iaconelli 22-0114-333 at 22:50 and the Sergeant Alexander Snyder 22-0114-337 at 20:50 engaged in a security response threat activation against plaintiff Eric J Duarte against plaintiff will and over protest see exhibit[30] solely due to the actions of defendants herein , the plaintiff was unlawfully seized and dragged from his and unlawfully imprisoned and detained in a restraint chair that has become a act of harassment being used 5 occasions over 2 year time frame , all without warrant , done in retaliation to reporting there organized gang-stalking to harass and invasion of privacy without probable cause and without cause.

154. Defendant Officer Jesse Windwalker on 01/14/22 made transmission of report he understood to be false in violation ALM gl 268§ 6c report # 22-0114-327 violated plaintiff rights constitutes retaliation to protect ted free speech , due process and cruel & unusual punishment under the 1 , 4 , 5, ,14 amendments of USC ; Mass DOR articles 1, 10  12 ,16 , 26.

155. No criminal charges were filed against plaintiff in connection with incidents but defendants deliberately fabricated the 5 separate reports knowing the supervisors are engaged in organized harassment by either presenting false evidence to or withheld crucial information from the prosecutor and the issues becomes the unconstitutional acts that caused the plaintiff injury.

156. Defendants caused conditions of confinement that posed substantial risk of serious harm deliberately indifferent to health & safety , defendants were aware of substantial risk of serious harm and failed to provide reasonable adequate conditions or remedy the conditions of confinement that posed substantial risk serious harm to plaintiff causing injury.

## 8. JANUARY 15, 2022

157. The defendants continued to inflict the severe electronic harassment stalking to harass plaintiff using advanced technology that Frane has at her house forcing plaintiff into sexual relations for 2 years this morning Frane and her agents her husband an d the unknown homosexuals forced plaintiff to attempt suicide while being on mental health crisis intervention watch a threat to himself in desperate need of needing his medications she told him to attempt to hang himself off the anchor of his bed at 12:45 noontime when they removed plaintiff from the chair the 2 time that day they wouldn't listen to dpleas of plaintiff of somebody torturing which forced them place back into restraint chair on 01/15/22 which was called in by a Officer Michael Bartlett report # 22-0115-351 Bartlet was called by another officer in central control on the report at the same time he was taunting the plaintiff over the electronic comm device in his cell as result to the incident the shift commander Captain Jack Kilrain, Jr. activated srt team report # 22-0115-353 the team consisted of the following:

1. Sgt. Alexander Snyder
2. Officer Outerbridge
3. Officer Rodriguez

---

[30] 22-0114-337 SRT Activation Report

158. The defendants stripped the plaintiff of all his clothes and placed in restraint chair as punishment 103cmr505.13(2) for the second incident in 2 days while being severely cyber-bullied by unknown homo-sexuals and Frane taunting plaintiff all day & night responding to every thought plaintiff transmitted inflicting aggression.

159. That at the times of the incident alleged above and prior thereto defendants NCSO ,et al , county Sheriff and jail superintendant did not and failed to establish a suicide prevention program , or to train jailors and deputies of NCSO to identify suicidal pre-trial detainee or to properly monitor suicidal emotional disturbed pre-trial detainee placed in medical unit on crisis intervention MH watch in isolation cell with no property liberties , said defendants also did not and failed to develop or implement procedures , guidelines or training as to safeguarding suicidal , unstable , emotional disturbed pretrial detainees such as plaintiff during the detention in his detention in the jail facility , to prevent their exposure to conditions of suffering and risk of grave physical harm , injury and surgery , almost death sais conduct was also a proximate cause of plaintiff pain , suffering and surgery , and was undertaken in disregard of clearly established constitutional standards ; principles of law.

160. The acts and omissions of defendants Sgt Snyder , Windwalker , Kilrain and Iaconelli individually and collectively during the evening day of January 14-15 ,2022 in placing plaintiff on crisis intervention MH watch in isolation in mistreating & punishing plaintiff and in failing to hear plaintiff screaming , the plaintiff beating of his head and body on the walls and bars of the cell and in failing to check , safeguard or monitor the conditions of the situation but to provoke , taunt , encourage plaintiff willfully ; maliciously , intentionally , willfully with evil and sadistic motive , during his confinement and detention in isolation cell , and being deliberately indifferent to plaintiff conditions of emotional state , suffering were also proximate cause of plaintiff pain, suffering , almost death , said acts and omissions were undertaken in disregard of clearly established constitutional standards , principles and laws.

161. Unsafe conditions subjected plaintiff to a strong likelihood of serious harm severity of conditions were extreme callous and intentional unlawfully restrained liberty over a 2 day period being aware of this strong likelihood that plaintiff would be seriously harmed or strongly suspected facts showing a strong likelihood that plaintiff would be seriously harmed but refused to confirm whether these facts were true.

162. Defendants consciously failed to take reasonable measures to prevent additional harm from occurring

## FAILURE TO TRAIN

On information and belief , defendants John Cosgrave and Captain Jack Kilrain , Jr. and Norfolk County had prior notice of the vicious propensities of defendants but took no steps to train them , correct their abuse of authority , or to discourage their unlawful use of authority. The failure to properly train defendants included the failure to instruct them applicable provisions of the Massachusetts State Penal Law with proper and prudent use of force.

COUNT# 1

Plaintiff restates and realleges paragraphs 1 through 72 of count# 1 , as paragraphs 1 through 73 of count# 1 , in this complaint.

On information and belief , defendants captain John Cosgrave and Captain Jack Kilrain through supervisory liability for the employers defendant Norfolk County had a prior notice of the vicious propensities of defendants but took no steps to train them correct their abuse of authority , or to discourage their unlawfull use of authority. The failure to properly train defendants including the failure to instruct them applicable provisions of the Massachusetts State Penal Law with proper and prudent use of force.

On information and belief , defendant Norfolk County , and Captain Kilrain,Jr. , and Captain John Cosgrave authorized , tolerated as institutionalized practice , and ratified the misconduct herein , before detailed above:

a.) Failing to properly discipline , restrict , and control employees , including defendant known to be irresponsibile in their dealings with other pre-trial detainees.

b.) Failing to take adequate precautions in hiring , training promotion , and retention of police personnel including specify specifically defendants sheriff deputies.

c.) Failing to forward to the office of the district attorney of Norfolk County evidence of criminal acts committed by police personnell.

d.) Failing to establish and/or assure the functioning of bona fide and meaningful departmental system for dealing with complaints of police misconduct , but instead responding to such complaints with bureaucratic power and official denials calculated to mislead the public.

5.) The misconduct also constitues gross negligence under Massachusetts State law.

As a consequence of the abuse of authority detailed above , plaintiff sustained the damages , hereinbefore alleged.

Defendants Captain Cosgrave had plaintiff stripped searched over protest and without consent in first time plaintiff was placed to restraint chair as punishment and was then placed into a "dry cell" per protocol of NⅡSⅡ following incident were contraband is recorded inmates are placed into stripped and forced to go on " eye-ball" watch until they pass feces on three seperate incidents to be sure their not holding contraband in their anal cavaties this was reason plaintiff was stripped the protocl was breached after 2 hours the Captain removed the watcher on the plaintiff proving the strip was acts of harassment and to deter reasonable situated individual from attempting to exercise protected free speech again.

Plaintiff restates and realleges paragraphs 1 through 77 of coun as paragraphs 1 through 78 of count 2 , in this complaint

The unlawfull arrest of the plaintiff by defendant deputy sheriff on charge of disorderly conduct was false, illegal , and without probable cause , and was done by defendant sheriff deputy to punish the plaintiff for his peaceful protest and legitimate exercise of his rights under the first and fourteenth amendments.

The charge brought against the plaintiff by defendant deputy sher iff of resisting arrest and obstructing a peace officer was false and without provocation , probable cause , and was excessiv force upon plaintiff , and to justify defendant sheriff deputy acts effectuating the detention of the plaintiff in violation of the standing orders of the Norfolk Superior Court of Norfolk County.

The conduct and force of defendant sheriff deputy , directed and ratified by defendandants Norfolk COunty ; county Sheriff and Jail Superintendent in forcing the plaintiff to undergho a st rip search was done without probable cause or reason to believe that the plaintiff was harboring contraband or weapons , and con stituted a gross invasion of privacy to plaintiff rights , and right to be free from unreasonable searches and seizures , and subjected the plaintiff to violations of his constitutional rights under the fourth , fifth , and fourteenth amendments. tto the United States Constitution (USC)

The conduct of force used by deputy sheriff in stripping the plai ntiff his clothes and placing the plaintiff in jail cell was excessive , undertaken without provaction , and continued pas the time of plaintiff arrest , as well as undertaken in violation of the plaintiff rights to integrity and privacy of his persons.

83    The conduct and force used by defendant deputy sheriff in striking and beating the plaintiff, in ~~stripping the plaintiff clothing from the body, and in dragging & throwing the plaintiff into~~ unlighted cell naked & alone, was intentional, malicious, excessive, and in reckless disregard of plaintiff constitutional rights, furthermore, the conduct of defendants was grossly offensive and disproportionate to situation at hand, and shocks the conscience.

84    The conduct of defendants deputy sheriff in intentionally placing and keeping plaintiff in restraint chair chair on 3 separate occasions in 2 days and total of 5 separate occasions in 2 years as punishment then placing plaintiff in isolation cell for 210 days with no property interests, 85 additional days to that restricted housing due to there organized harassment created grave physical harm, injury, and suicide attempt peculiar to the plaintiff incarceration, since defendants were on notice that just such a condition 7 circumstances had to attempt suicides prior thereto and because it was or should have been reasonably foreseeable to defendants that the plaintiff would have an irrational & morbid state of mind following his mistreatment by defendants, the trauma associated with his strip search, and on account of his alleged intoxication, disturbed emotional state, punishment and suffering.

85    The conduct of defendants deputy sheriff in refusing to and in failing to monitor the condition of the plaintiff while he was in isolation on MH crisis intervention watch and in failing to procure medical treatment for the plaintiff, created a risk of grave physical harm, injury and almost death peculiar to plaintiff incarceration, since defendants were or should have been aware of the plaintiff suffering and intoxication, and because it was reasonable foreseeable that he would be in an irrational or morbid state of mind when mistreated and punished as set forth above.

86    The treatment of plaintiff and the conditions to which all the defendants subjected the plaintiff resulted in suffering to the plaintiff, and caused the plaintiff to be subjected to punishment, the practices and totality of conditions of Norfolk County Jail Facility and that mistreatment of the plaintiff caused the plaintiff to be subjected to the deprivations of his constitutional rights under the fourth and fourteenth amendments.

87    That at the time of the incidents alleged above & prior thereto, defendants County Sheriff & Jail Superintendent refused to and did not & failed to establish guidelines, training, or procedures for the processing, identifications, confinement, treatment, safeguarded, and monitoring of suicidal, intoxicated, emotional disturbed pre-trial detainees, alternatively, if guidelines or procedures do exist, they are grossly inadequate to insure the proper processing, confinement, treatment, safeguarded, and monitoring suicidal, intoxicated emotional disturbed pre-trial detainee by jail personnel. In addition, the training and supervision of jail officers in the arrest, confinement, treatment and monitoring of suicidal, intoxicated, and/or emotionally disturbed pre-trial detainees in grossly inadequate or non-existent, moreover, said defendants did not and failed to establish a suicide prevention program. The above aforementioned acts & omissions of county Sheriff & jail Superintendent also were and are a proximate cause of the pain, suffering, and almost death of the plaintiff, and subjected the plaintiff to the deprivations of his constitutional rights.

88    Defendants Norfolk County had and has various policies, practices, and customs which subjected the plaintiff to the deprivations of his constitutional rights including:

~~a) Operation & utilization of an over-crowded, understaffed, and antiquated jail facility~~ which caused the plaintiff as well as other pre-trial detainees to undergo suffering and punishment.

b) Exposure of suicidal, intoxicated , and/or emotionally disturbed pre-trial detainees such as plaintiff to risks of grave physical harm , injury , and death inherent in the detention of such persons in jail cells having known and obvious anchoring devices for suicide attempts.

c) Continually & consistently underfunding or inadequate funding the jail facility so as to cause pre-trial detainees as the plaintiff to be exposed to the dangerous & inhumane living conditions at jail facility.

d) Exposure of intoxicated and/or emotionally disturbed pre-trial detainees such as plaintiff to risks of grave physical harm ,injury , and death inherent in the lack of property trained jail staff which lacked any capacity to process , identify, monitor , safeguard , and procure appropriate medical care for suicidal , intoxicated , emotionally disturbed pre-trial detainees.

e) Forcing the plaintiff and all other arrested persons to undergo strip searches in the absence of probable cause to believe that the person being strip searches is carrying contraband or weapons.

f) Allowing acquiescing , and in failing to correct the pervasive and widespread violations of the fourth amendments rights of all pre-trial detainees such as plaintiff.

89  These acts, omissions , and conduct constitute official policies , practices or customs of defendant Norfolk County , and had the effect of subjecting the plaintiff to a deprivation of his constitutional rights under the fourth, fifth, and fourteenth amendments , and said policies , practices and customs were and are a proximate cause of the pain , suffering , and almost death experienced by the plaintiff.

90  That defendants County Sheriff and jail Superintendant , although statutorily responsible for the acts and omissions of their subornidate officers and for maintaining the jail facility in conformity with constitutional prerequisite , and as the statutory custodians of jail facility , did not failed to discharge their duties , and thereby caused the plaintiff to be subjected to.the deprivation of the constitutional rights under the fourth and fourteenth amendments of United States Constitution.

91  That defendants Norfolk County and defendants NCSO, et al are members of the county board , Norfolk County now unknown to plaintiff although statutorily responsible for the keeping the jail facility in repair in suitable conditions , and for appropriating funds adequately to ensure the safe and suitable operating of the jail facility , did not and failed to discharge their duties , and thereby caused the plaintiff to be subjected to the deprivations of his constitutional rights under the fourth and fourteenth amendments.

That Massachusetts law and the Norfolk COunty Jail regulations created for the benefit of the plaintiff a constitutionally protected liberty interest in an expectation of certain minimal standards for the physical conditions of the county jail facility and for his treatment with respect to safety, health, well-being constitutional security , the acts , omissions , and conduct of all defendants subjected the plaintiff to deprivation of his constitutional libertyies interests during from Massachusetts law and the Norfolk COunty jail regulation made applicable under the fourth and fourteenth amendments.

The search of plaintiff residence and property at the direction of County SHeriff by unknown Norfolk County employees without warrants or with consent subjected the plaintiff to a deprivat ion of his constitutional rights under the fourth and fourteenth amendments.

Plaintiff was being taunted by defendants as they implemented their municipality custom of stalk to harass through threats intimidation and coercion in retaliation forcing the plaintiff to hang himself or self injure on stab himself as they have befor

As a direct and approximate cause and consequences of the conduct acts, omissions of the defendant herein, the defendants are l. the 42 USC§1983 and 42 USC § 1988 as follows:

As a direct and approximate cause and consequence of the conduct of all defendants alleged herein the plaintiff suffered emotional injury and trauma , bodily injury , and almost loss of life, experienced great pain, suffered , and anguish both anguish bopth prior to and through present day.

A.

a. Defendant Sheriff Patrick Mcdermott caused the plaintiff to be subjected to a deprivation of the plaintiff following right for failing to train, supervise and control the conduct of the defendants in SRT activation # 22-0114-337:

1. First amendment rights to legitimate protest and speech.

2. Fourth and fourteenth amendment right to freedom from unreas onable searchs and seizure of persons.

3. Fourth and fourteenth amendment right to freedom from unreas onable gross invasion of privacy.

4. Fourth and fourteenth amendments right to freedom from gross invasion of privacy.

5. Fourth and fourteenth amendments rights to be free from unre asonable and excessive use of force upon his persons during arrest and detention.

6. Fourth and fourteenth amendment rights to be free from unlaw full imprisonment.

7. Fourth and fourteenth amendment to be free from cruel and unusual punishment peculiar to incaceration.

8. Fourth and fourteenth amendment right to be free from phys ical intrusions upon security of persons.

b. Defendant Jail Superintendent Danielle Frame caused the plaintiff to be subjected to a deprivation of the plaintiff rights in the SRll activation # 22-0114-337 by:

1. First amendments rights to legitimate protest and speech.

2. Fourth and fourteenth amendment rights to freedom from unre asonable searcll and seizure of his persons.

3. Fourth and fourteenth amendment right to freedom from unreas onable gross invasion of gross invasion of privacy.

4. Fourth and fourteenth amendment rights to freedom from gross invasion of privacy.

5. Fourth and fourteenth amendment rights to be free from unre asonable and excessive use of force upon his persons during arrest and detention.

6. Fourth and fourteenth amendmnt rights to be free from unlallful imprisonment.

7. Fourtll and fourteenth amendments rights to be free from intrusioins upon physical security upon his persons.

## ILLEGAL SEIZURE – FALSE IMPRISONMENT X 3 INCIDENTS

Plaintiff restates and re-alleges paragraphs 1 through 98 of count# 2 , as paragraphs 1 Through 99 of count# 3 , in this complaint.

During at all times mentioned herein , the defendants and each of them separately and in concert , acted under color of the statutes, customs, and usages of the State of Massachusetts.

Each of the defendants here , separately and in concert , engaged in illegal conduct here mentioned to the injury of plaintiff Eric J. Duarte and deprived him of his rights , privileges, and immunities secured to plaintiff by the fourteenth amendment to the Constitution of United States.

Plaintiff Eric J. Duarte believes , and on such belief alleges , that his arrest was approved by superintendent Danielle Frane.

Each of the defendants separately and in concert acted outside the scoope of their justification and without authorization of law and each of the defendants , separately in concert , acted willfully, knowingly and purposely purposefully with specific intent implementing the municipality custom of stalk to harass or gang-stalking on 3 separate incidents in a 12 hour window acted with intent to deprive plaintiff of his right to freedom from illegal seizure of his persons ; freedom from unlawfull arrest without evidence in support thereof , and freedom of illegal detention and imprisonment on 3 separate occasions for extended period of time ( minimum 3 hours each.)

All of these rights are secured to plaintiff by provisions of the due process clause of the fifth and fourteenth amendments to the constitution of the United States and by both:

1.) 42 U.S.C.§§ 1983 , 85(3) ( FCRA )
2.) ALM gl ch. 12 §§ 11H, I ( MCRA )

As a direct and proximate result of the above described unlawfull and malicious acts of defendants sheriff deputies , all committed under color of their authority through threats , force and while plaintiff was in duress committed act placing plaintiff into the restraint chair as punishment on 3 separate incidents constitutes an act of harassment as they implemented their municipality custom of stalk to harass and while acting in that capacity , plaintiff

suffered grievous bodily harm and emotional damage all of which are in violations of following rights as follows:

Defendants in srt activation # 22-0114-338 acting for the defendants Norfolk County, County Sheriff, Jail Superintendent Frane , Captain John Cosgrave , Captain Jack Kilrain , Sgt. Snyder , Andrews , Reed , Iaconnelli , Ander , Kelly , O"Donnell , willfully , maliciously enforcing municipality custom of stsalk to harass with threats , force and while in duress falsely imprisoned plaintiff unlawfully stripping of his clothes without consent and placed plaintiff into restraint chair as punishment violating:

1. First amendment rights to legitimate protest and speech.

2. Fourth, fifth and fourteenth amendments rights to freedom from unreasonable searches and seizures of his persons.

3. Fourth , fifth, and fourteenth amend,emt rights to freedom from gross invasion of privacy.

4. Fourth, fifth and fourteenth amendment rights to be free from unreasonable and excessive force upon his persons during his arrest and detention.

5. Fourth , fifth and fourteenth amendment rights to be free from unlawfull imprisonment.

6. Fourth , fifth and fourteenth amendment right to be free from cruel and unusual punishment peculiar to his incarceration.

7. Fifth and fourteenth amendment rights to due process of law, including rights to be free from unjustification and excessive force utilized by police.

8. First, fourth, fifth, sixth, and fourteenth amendment rights to freedom from unjustified intrusions upon his physical security.

III.

Plaintiff restates and realleges paragraphs 1 through 108 of count3 as paragraphs 1 through 108 of count# 4 , in this complaint Each of the defendants:

1. Captain Jack Kilrain, Jr.
2. Captain John Cosgrave
3. Officer Michael Bartlett
4. Sgt. Sima Junkovic
5. Norfolk County
6. Sheriff Patrick W. Mcdermott
7. Superintendent Danielle Frane

while implementing their Norfolk County custom of stalk to harass the above mentioned defendants seperately and in concert acted outside the scope of their justification and without authorization of law , and each of defendants , seperately in concert acted willfully, knowingly and purposelly purposefully with specific intent to deprive plaintiff his rights forcing him to attempt to hang himself while being housed in medical on mental health watch just being released from restraint chair with promises and inducements to seize the gang-stalking defendants intentionally , negligently, and with complete deliberate indifference placed plaintiff into restraint chair as punishment violations 103cmr505.13(2) depriving plaintiff of his right to freedom from illegal seizure of his persons , freedom from unlawfull arrest without evidence in support thereof , and freedom from iullegal detention & imprisonment.  12:45 # 22-0115-351

All of these rights are secured to plaintiff by provisions of both :

1. ) 42 UBC§§ 1983, 85(3) (FCRA)
2. ) ALM gl ch. 12§§11 H, I   MCRA )

and by these rights as follows:

1. First amendment right to legitimate protest and speech
2. Fourth and fourteenth amendment rights to freedom from unreasonable searches and seizures of his persons.
3. Fourth , fifth, and fourteenth amendment rights to freedom from gross gross invasion of privacy.
4. Fourth , fifth and fourteenth amendment rights to be free from unreasonable and excessive force upon his persons during arrest and detention.
5. Fourth , fifth , and fourteenth amendment rights to be free from unlawfull imprisonment.
6. Fourth ll fifth, and fourteenth amendment rights to be free from cruel & unusual punishment peculiar to incaceration.
7. Fifth and fourteenth amendment rights to due process of law including rights to be free from unjustifiable and excessive forc utilized by police.
8. First , fourth , fifth , sixth and fourteenth amendment rights to be free unjustified intrusions upon his physical security.

Plaintiff restates and realleges paragraphs 1 through 110 of count #10 as paragraphs 1 through 111 of count #5, in this complaint.

Defendants in SHU activation #22-0115-353 at 6:)) pm the third total incident of false imprisonment in 20 hours includes:

1. Sgt. Alexander Snyder
2. Sgt. Sima Junkovic
3. Capatain John Cosgrave
4. Captain Jack Kilrain, Jr.
5. Officer Outerbridge
6. Officer Rodriguez

each of them seperately and in concert and without authorization of law , with specific intent of depriving plaintiff of his rights secured through:

1. 42 U.S.C. §§ 1983 , 85(3) ( FCRA )

2. ALM gl ch 12 §§ 11H, I  MCRA )

and by constitution  of United States through:

1. First amendment rights to legitimate protest and speech.
2. Fourth, fifth , and fourteenth amendment rights to be free from unreasonable searches and seizures of his persons.
3. Fourth, fifth, and fourteenth amendment rights to be free from freedom of gross invasion of privacy.
4. Fourth , fifth, and fourteenth amendment rights to be free from unreasonable and excessive use of force upon his persons during arrest and detention.
5. Fourth and fourteenth amendment rights to be free frfom unlaw full imprisonment.
6. Fourth , fifth , sixth , and fourteenth amendments rights to be free from cruel and unusual punishment peculiar to inca ceration.
7. Fifth and fourteenth amendment rights to due process of law including rights to be free from unjustifiable and excessive force utilized by police.
8. First , fourth , fifth and fourteenth amendment rights from unjustified intrusions upon physical security.

Defendant County Sheriff & Jail Superintendent negligently caused above injuries to plaintiff by failing to properly train & sup ervise and control the conduct of sheriff deputies.

Defendants municipality Norfolk COunty negligently caused above injuries to plaintiff by failing to properly train, supervise, and control the conduct of defendants sheriff deputies.

Defendant municipality Norfolk COunty as employer of county sheri ff & Jail Superintendent is liable under the doctrine of respon deat bsuperior for tortious cvonduct of individual defendants.

WHERIIFIIRE , THE PLAINTIIFF PRAYII THIII CIIURT:

A. Declare that each of defendants , individually and collecti
~~cally subjected the plaintiff to conditions and engaged in con~~
duct which caused plaintiff to be subjected to the deprivations
of one or more of his constitutional rights.

B. Permanently enjoin the practices of Norfolk CIIunty and its
officals and employees from continuing its blanket sneaker strip
seacrh mpolicy , and placing suicidal , intoxicated , and emoti
onally disturbed pre-trial detainees in jail cells which contain
achoring devices suffering sufficient to allow pre-trial detainee
to attempt or commit suicide , as well as the practice of utilizi
ng and understaffed , over-populated and antiquated jail facility
which subjects pre-trial detainees to unreasonable risks of harm
injury, death , suffering and pre-conviction punishment.

C. Permanently enjoin the practices of Norfolk CIIunty and its
officvials and employees from continuing its sneaker strip policy
and from placing inmates who are on isolation status from being
placed in thei cells without any footwear which subjects pre-tria
detainees and all other inmates to be subjected to unlawfully
being restrained libert of property interests unreasonable sei
zures , suffering peculiar to their incacerations.

D. Award to the estate of plaintiff Eric John Duarte Compensatory
damages for the deprivation of one or more of the constitutional
rights of plaintiff.

E. Award to the Estate of plaintiff as punitive damages against
each defendant jointly and severally , except Norfolk COunty if
they can not be held liable  for intentional acts.

F. Award to the Estate of plaintiff interest and costs to commens
from the date of filing the date of injury and through presen .lil
day.

G. Grant such other relief as law and eqwuity allows , including
costs and reasonable attorney fee;s pursuant 42 USc  § 1988
]and ALM gl ch. 12§§11 H, I.

# COUNT # 2

Plaintiff individually, and as the Administrator of the Estate of Eric John Duarte:

Plaintiff restates and realleges paragraphs 1 through 118 of count as paragraphs 1 through 119 of count# 6 , in this complaint.

As a direct and proximate cause and consequence of the conduct alleged herein, the defendants, individually and collectively, and defendants Norfolk County, through it's policies, practices, and customs, caused plaintiff to be subjected to deprivations of his constitutional rights under the fourteenth Amendments, including:

   A. Their Liberty interests and rights in the continued society, association, relationship and companionship.
   B. Their Liberty interests in an expectations of certain minimum standards for the physical conditions of the jail facility in which plaintiff was detained and for the treatment of his respect to his safety, health, well-being and security.

As a further direct and proximate cause of the conduct alleged herein, plaintiff Eric John Duarte lost benefit services, financial support, companionship and society.

The continued implementation of the policies, practices, and customs of Norfolk County such as blanket strip sneaker policy and the continued utilization and inadequate funding of its over-crowded, under-staffed, and antiquated jail facility will continue to cause THE PLAINTIFF AND OTHERS WHEREVER SITUATED IRREPAIRABLE HARM, PLAINTIFF IRREPAIRABLE INJURY IS OBVIOUS.

Unless these conditions, practices, and policies are stopped, these plaintiff and a class of past, present and future pre-trial detainees will suffer serious and grievous harm, injury, and almost death and these plaintiff have no plain or adequate remedy of law.

Plaintiff represents a class of all pre-trial detainees:

   1. Forced and subjected to Norfolk County blanket sneaker strip search policy in situations where there was or is no reason to believe that weapons or contraband had or has been concealed on their bodies: and
   2. Subjected to the understaffed, over-crowdeed, and antiquated jail facility which causes harm, suffering, injury and attempted suicide, and pre-conviction punishment

3. Subjected to the electronic monitoring while in the nude in violation of ALM gl 272§105 and voyeurism 103DOC519.01(7)

4. Subjected to the degrading and humility of being in lawfully restrained Liberty.

5. In the violation of the fourth Amendments of United States Constitution.

6. The class is so numerous a joinder is impractible.

7. Plaintiff will fairly and adequately represent and protect the interests of all class members , each plaintiff is incensed with at treatment accorded the class of pre-trial detainees and will aggressively pursue the interests of the entire class , plaintiff interests in obtaining injunctive relief and monetary ddamages for the violations of the constitutional rights are consistent with and not antagonistic to those of any person within the class;

## 125 The common questions of law and fact include:

a) Whether defendants had and have a policy and practice to strip sneakers of all arrestees in custody in isolation , regardless of the gravity of offense and regardless of the lack of any reasonable belief that matter hab been concealed on their persons; and

b) Whether the blanket sneaker strip policy is I violation of the fourth, fifth or fourteenth amendments and 42 USC§1983

c) Whether the practices and totality of conditions in the jail facility violate the fourteenth amendments rights of pre-trial detainees; and

d) Whether plaintiff and class members are entitled to injunctive relief, and compensatory and punitive damages

## 126   WHEREFORE, plaintiff prey this court:

A. Declare that each of the defendants , individually and collectively, engaged in conduct which subjected plaintiff to deprivation of their Constitutional rights

B. Permanently enjoin the practices of Norfolk County and it's officials and employees from continuing the practice of its blanket sneaker strip search policy and from placing suicidal , intoxicated , and emotional disturbed pre-trial detainees in jail cells which contain anchoring devices suffering to allow pre-trial detainees to attempt or commit suicide , as well as the practice of utilizing and under-staffed , over-populated , and antiquated jail facility which subjects pre-trial detainees to any unreasonable risks of harm , injury , and suffering , pre-conviction punishment

C. Permanently enjoin the practice of Norfolk County and it's officials and employees from it continued stalking to harass unofficial policy or custom that assigns two sheriff deputies around the clock to electronically monitor plaintiff conscience that enables them to employ repetitions of pattern of behavior or series of acts directed at plaintiff for purpose of intentionally inflicting emotional distress which subjects plaintiff to any unreasonable risk of harm, injury , and suffering , pre-conviction punishment.

D. Permanently enjoin the practices of Norfolk County, and it's officials & employees from its blanket footwear seizures policies and from placing pre-trial detainees in isolation or medical on isolation status with no footwear as punishment and retaliation to degrade subjected pre-trial detainees to unreasonable risk of harm, injury and suffering, and pre-conviction punishment.

E. Permanently enjoin the practices of Norfolk County and it's officials and employees from continuing                         policy as punishment and acts of harassment after consistent and repeated use                              und as tool to inflict torture which repeatedly subjects pre-trial detainees to unreasonable risks of harm, injury and suffering, and pre-conviction punishment.

1    Award to the plaintiff compensatory damages for the deprivations of their rights

2    Award to the plaintiff punitive damages against each defendant, except Norfolk County.

3    Award to the plaintiff interests to commence from the date of their of injury; and

4    Grant such other relief as law and equity allows, including costs and reasonable attorney fees pursuant 42 USC§1988

1127. Plaintiff restates and realleges paragraphs 1 through 126 of count# 6 ,mas paragraphs 1 through 127 of count# 7, in this complaint.

128    The plaintiff Eric John Duarte is the duly appointed, qualified, and acting Administrator of the Estate of Eric John Duarte.

129    Plaintiff brings this action as Aministrator pursuant to and authorized by the:

1    **FEDERAL CIVIL RIGHTS ACT ( FCRA )**                42 USC
                                                        **§1983**

2    **MASSACHUSETTS CIVIL RIGHTS ACT ( MCRA )**     ALM gl
                                      **ch. 12§§11H, I**

130    Plaintiff has given notice to defendants pursuant within 1 year of the date of occurences.

1    Plaintiff surviving him are the following persons:

1. Mrs. Brenda Louise Durte, his mother
2. Mr. Dennis Michael Duarte, his older brother,
3. Mr. Michael Eric Duarte, his twin brother,
4. Mrs. Genie Louise Duarte, his sister,.

131    The plaintiff exercised due care at all times relevant and material hereto.

132    The acts and omissions of the individual defendants and the policies, practices, and customs of defendants NCSO, et al, as alleged in counts above and in this complaint, and incorporated herein, were carried out in such negligent fashion as to demonstrate a lack of cautious regard for the plaintiff right to be free from unnecessary and unlawful bodily harm or the threat thereof

133    The defendants Norfolk County, county Sheriff, and jail superintendent failed to adequately train, supervise, discipline and in any other way control defendants deputy sheriff and employees in the exercise of their official duties and functions and in their failure to enforce the laws of the state of Massachusetts, the United States, and the rules and regulations of NCSO, DHOC/jail and said conduct exhibits a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of police supervisory personnel, said defendants also failed to establish any procedures guidelines, or training for identifying, treating, monitoring, or safeguarding intoxicated, suicidal, and emotional disturbed persons.

134    That upon arresting, detaining, and jailing the plaintiff, the defendants, individually and collectively had a duty to plaintiff to keep him safety and to protect him from unnecessary harm, injury caused by others, or provoked self-inflicted injury.

135    The defendants, individually and collectively, although having knowledge that the plaintiff was intoxicated and in an extremely disturbed emotional state, negligently breached their duties owed to the plaintiff in one or more of the following ways:

   a) Failed to examine the plaintiff for existing injuries.

   b) Failed to ascertain if the plaintiff was seriously injured.

   c) Failed to provide medical services by a licensed Medical Doctor or a licensed registered nurse to the plaintiff for his physical or emotional condition when defendants knew or should have known that the plaintiff were either injured, intoxicated, or emotional disturbed.

   d) Inflicted punishment upon the plaintiff and mistreated him by, among other things, strip searching him, assaulting him, and imprisoning him naked and alone in jail cell strapped to restraint chair 5 separate occasions unfit for human habitation.

   e) Failed to monitor and check the conditions of the plaintiff while he was in a jail cell although defendants knew or should have known that plaintiff was intoxicated and in highly disturbed state mentally as he was trying to notify defendants the acts of physical and sexual torture being inflicted on him by jail superintendent.

   f) Failed to provide the plaintiff bedding material such as " tear away " blankets which would have prevented plaintiff from inflicting harm on himself or committing suicide.

g) Failed to take adequate steps to monitor the plaintiff conditions and to safeguard.

h) Failed to install sound or television monitoring devices to view the over-head bars in isolation and medical and audio recordings to monitor the sound waves due to advanced technology.

i) Placed the plaintiff in an isolation cell with over-head bars which had been used prior thereto as anchoring devices such for suicide attempts;

j) Failed to remove the overhead bars from the tops of jail cells which had served as anchoring devices for suicide attempt in past.

136    As a direct and proximate cause of the negligent and unlawful acts of the defendants, individually and collectively, the plaintiff sustained injuries which caused his pain, suffering, and attempted suicide and in which he sustained substantial pecuniary loss and damage.

137    The acts, omissions, and conduct of the defendants was undertaken with reckless disregard of the consequences said conduct would have upon plaintiff.

XXX    **WHEREFORE, plaintiff pray this Court:**

A.) Award to plaintiff compensatory damages, as court deems will make whole again.
B.) Grant such other relief as law and equity allows, including costs and reasonable attorney fees.

138. Plaintiff restates and realleges paragraphs 1 through 137 of count#7 as pragraphs 1 through 138 of count#8, in this complaint

V    **The plaintiff brings this action pursuant to and authorized by:**

1    **Federal Civil Rights Act 42 USC§ 1983**
2    **Massachusetts Civil Rights Act ALM gl ch. 12§§ 11H, I**

I    The conduct of the defendants was willful and reckless, and done with reckless disregard as to the consequences said acts or omissions would have upon plaintiff.

J    The acts and conduct of the defendant, individually and collectively constitutes assault, battery, false arrest, false imprisonment, invasion of privacy, intentional and negligent infliction of emotional distress, negligence, and willful and wanton misconduct, and as a direct and proximate result of one or more of the aforementioned acts and conduct, the plaintiff was caused to suffer conscious pain, suffering and emotional terror prior during and which after.

A.) Award plaintiff Compensatory damages, court deems will make whole again.
B.) Award plaintiff punative damages, court deems will make whole again.

## VII.   STATEMENT OF CLAIMS

### CIVIL CONSPIRACY § 1983 ; MCRA

139    Plaintiff restates and re-alleges paragraphs 1 through $138$ of count#8 , as paragraphs 1 through139 of count# 9, in this complaint.

140    Defendants, Norfolk County, et al, individually, collectively, conspired with others to deprive plaintiff of his constitutional rights at least 1 of the alleged co-conspirators engaged in overt acts in furtherance of conspiracy.

141    And the overt acts hurt plaintiff causing injuries with the use of threats, intimidation and coercion in retaliation.

142    Plaintiff was deprived of the constitutional rights or privileges while acting under color of state Massachusetts laws, pretense of any customs, statutes, ordinances, regulations ,or, usages, of any, rights, privileges, or, immunities secured by the constitution of United States and Massachusetts.

143    Accordingly, if the court agrees plaintiff has made a prima facie equal protection cliam under both:

1.   42USC§ 1983  FCRA
2.   42 USC§1985 (3)
3.   ALM gl ch. 12§§11 H, I  MCRA

### 42 USC§1983 EQUAL PROTECTION CLAUSE

Plaintiff restates and re-alleges paragraphs 1 through 143 of count# 9, as paragraphs 1 through 144 of count# 10, in this complaint.

To be singled out arbitrarily for disparate treatment is a constitutional violation. "For an essential attribute of the liberty protected by the constitution is the right to the same kind of treatment as state provides the similarly situated persons. A convicted felon, though he is properly placed in disfavored class, restrains this essential right" Hewitt v. Helms, 459 U.S> 460, 485- 486 (Steven, J Dissenting) (footnote omitted)

# MASSACHUSETTS DECLARATIONOF RIGHTS

## ARTICLES 1, 10, 12, 26

Plaintiff restates and re-alleges paragraphs 1 through 145 of count# 10, as paragraphs 1 through 146 of count# 11, in this complaint.

Article I- The provisions of this section of the Declaration of Rights are as strong in protections of individual rights and freedoms as those of the 5th and 14th amendments to the Constitution of the United States, and the rights to make reasonable contracts, which shall be under protection of the law.

In re opinion of Justices, 9 Mass, April 08, 1930, 271 Mass. 598, 171 N.E. 2d 234

**ARTICLE X- RIGHT OF PROTECTION AND DUTY OF CONTRIBUTION** Principles of due process of law embodied in articles 1, 10, 12 of the Declaration of Rights and in part # 2, chapter 1 of the Constitution, Constitution.

Moe v Secretary of Admin & Finance, 382 Mass 629, 417 n.e.2d 3387, 1981 mass lexis 1101 (mass 1981)

**Although the phrase " equal protection of the laws"** does not appear in this articles I in those exact words, nevertheless, this article is the provisions of the Massachusetts Constitution which may be relied on to raise the Constitution principles of the equal protection of the laws.

Opinion of Justice, 357 mass 827, 257 ne2.d 94, 1970 mass lexis 979 (mass1979)

**ARTICLE XII-** Concept of due process embodied in the US Constitution provides no greater protection than that provided in the Massachusetts Declaration of Rights.

Carleton v Town of Framingham, (mass Sept. 12, 1994), 418 Mass. 623, 640 2.d 452

**ARTICLE-XXVI** –All of the defendants have run afoul of their duties and obligations putting a iron curtain over the prison depriving the plaintiff-Punitive Class- of life, liberty, and property committing Title XVIII violations resulting in crimes against humanity

## X. RELIEF REQUESTED

Award compensatory damages against each defendants, individually, jointly and severally:

1. Norfolk County Sheriff Office   (1-43)
2. Sheriff Patrick W. Mcdermott
3. Superintendent Danielle Frane
4. Mental Health Director Anne Collins
5. Medical Director Deputy Tara Flynn
6. Deputy Bill Casteel
7. Deputy Linsky
8. Deputy James Gannon
9. Deputy Thomas Brady
10. Captain Russo
11. Captain Jack Kilrain, Jr.
12. Captain John Cosgrave
13. Captain Kelly Cosgrave-Jenks
14. Captain Steve Shingold
15. Lt. James Mcquaid
16. Lt. John Nee
17. Lt. Patrick Weir
18. Sgt. Alexander Snyder
19. Sgt. SIma Junkovic
20. Officer Justine Miller
21. Officer James Hooley
22. Officer Gershon Louis
23. Officer Junkins
24. Officer McCinnis
25. Officer Windwalker
26. Officer O'Donnell
27. LICSW, Ashley Hanneken
28. Nurse Amanda
29. Nurse Sherry
30. Nurse Stephanie Vinson
31. Nurse Lori Sullinsky
32. Nurse Rose Margolis
33. Nurse Ed Reilly
34. Nurse Mike Kauranen

153 In their official capacities, individually each in the amount of $100,000.00 severally and jointly , individually for both fifth and fourteenth amendments to the constitution of United States Constitution through both:

1. 42 U.S.C.§ 1983 FCRA
2. ALM gl ch. 12 §§11H,I MCRA

a   Award compensatory damages against each defendants, individually, jointly and severally:

35: Norfolk County Sheriff Office   (1-43)
36. Sheriff Patrick W. Mcdermott
37. Superintendent Danielle Frane
38. Mental Health Director, LICSW, Anne Collins
39. Medical Director Deputy Tara Flynn

40. Deputy Bill Casteel
41. Deputy Linsky
42. Deputy James Gannon
43. Deputy Thomas Brady
44. Captain Russo
45. Captain Jack Kilrain,Jr.
46. Captain John Cosgrave
47. Captain Kelly Cosgrave-Jenks
48. Captain Steve Shingold
49. Lt. James Mcquaid
50. Lt. John Nee
51. Lt. Patrick Weir
52. Sgt. Alexander Snyder
53. Sgt. SIma Junkovic
54. Officer Justine Miller
55. Officer James Hooley
56. Officer Gershon Louis
57. Officer Junkins
58. Officer McCinnis
59. Officer Windwalker
60. Officer O'Donnell
61. LICSW, Ashley Hanneken
62. Nurse Amanda
63. Nurse Sherry
64. Nurse Stephanie Vinson
65. Nurse Lori Sullinsky
66. Nurse Rose Margolis
67. Nurse Ed Reilly
68. Nurse Mike Kauranen

154    In their official capacities, individually each in the amount of $100,000.00 jointly and severally , individually articles one, ten, twelve, twenty-six Massachusetts Declaration of Rights both:

3.  42 U.S.C.§ 1983 FCRA
4.  ALM gl ch. 12 §§11H,I MCRA

## FAVORABLE TERMINATION MCRA ; FCRA

155    Plaintiff restates and re-alleges paragraphs 1 through1 56f count# 10 , as paragraphs 1 through1 55 of count#11 , in this complaint.

156    Plaintiff claims that defendants while acting under color of state law, custom, privileges, regulations, immunities, usages, maliciously caused criminal proceedings to be commenced against or continued without probable cause and because of these proceedings plaintiff was unlawfully seized in violations of his rights under the fourth amendment US Constitution.

Under the fourth amendment of the US Constitution every person has the right not to be seized without probable cause.

157   Defendants caused criminal proceedings to be instituted or continued against plaintiff.

158   ~~Defendants, Frane acted with malice and probable cause in retaliation that proceeding terminated in plaintiff favor, parties have agreed proceedings terminated in plaintiff favor s they should~~ accept that proven.

   a) Norfolk Superior Court Dockets No: 2254CR000957 (08/01/22 ; 22-0801-476/477)
   b) Norfolk Superior Court Docket No: 2254CR001172 (09/07/22; 22-0907-837/839/840)

159   Plaintiff seeks withdrawal of criminal charges pursuant to compromise or agreement does not constitute favorable termination and thus cannot be support a claim for malicious prosecution.

160   Plaintiff requests an order of dismissal reflecting the affirmative decision not to prosecute actual innocence is not required as interests of justice.

161   Defendants caused the misconduct through implementation of municipality custom of gang-stalking to harass with threats, intimidation and coercion in retaliation while under color of state lawpretense of any 'staute, custom, regulation, ordinances, or, usages', of any, rights, privileges, or, immunitties, secured by provisions of the constitution in furtherance of conspiracy.

162   Defendants false criminal charges that were caused during the two separate retaliation schemes targeting the plaintiff over one month time frame using as form of legal coercion to silence and punish violated both state and federal civil rights acts:

   1. ALM gl ch. 12§§ 11,H, I MCRA
   2. 42 U.S.C.§1983 FCRA

163   While under color of law in retaliation used coercion as direct approximate result there were two criminal charges that caused injuries against plaintiff Eric J. Duarte rights constitutes right to be free from unreasonable seizures secured to him under the fourth amendment to the Constitution and his rights not to be deprived of liberty without due process of law in the retaliation in violations of the first and fourteenth amendments to the Constitution of the United States.

164   That solely as a result of the acts of the defendants herein, plaintiff sustained serious personal injuries and has suffered great mental anguish, and emotional distress, loss in reputation, good name, honor, integrity, embarrassment, helplessness, became sick, sore, and disabled all to plaintiff damage in the amount this court deems will make plaintiff whole again.

165   The plaintiff has no plain, adequate , or complete remedy at law to r redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

## PUNITIVE DAMAGES
165

166   Plaintiff restates and re-alleges paragraphs 1 through' of count# 11 , as paragraphs 1 through 166 of count# 12 in this complaint.

The acts, conduct and behavior of the defendants were performed knowingly, intentionally and maliciously, by reasons which plaintiff is entitled to punitive damages in the amount this court deems will make plaintiff whole again but not less than $ 100,000.00 ; each defendants, Norfolk County, et al, individually, jointly and severally.

# MUNICIPAL LIABILITY FOR UNOFFICIAL CUSTOM

## Alm GL CH. 272§ 105 ; 103doc 519.01(7)

Plaintiff restates and re-alleges paragraphs 1 through 167 of count# 12 , as paragraphs 1 through 168 of count#13 , in this complaint.

Defendants, NCSO, et al, deprived plaintiff his constitutional rights as specified above through willful and intentional violations:

1. ALM gl ch. 12§§11H, I  MCRA
2. 42USC§1983

Defendants, electronic monitoring of inmates nude in violations of ALM gl ch. 272§105 ; 103DOC519.01(7), 28 CFR§115.01(7), resulted from it being:

1. Official municipal policy
2. A unofficial policy
3. Failure to train and supervise

Defendants,NCSO, et al, as direct result injured plaintiff while under color of law pursuant 42 USC§1983, liability for a constitutional violation may attach to municipality if violation resulted from deliberate indifference for failing to train or supervise violating plaintiff Eric J. Duarte rights constitutes unreasonable seizure secured to him under the fourth amendment to the Constitution of the United States and his right not to be deprived liberty without due process of law in the retaliation in violations of the fourteenth amendment to the United States Constitution and Massachusetts Declaration of rights Articles one, ten, twelve, and twenty-six.

That solely as a result of the acts of the defendants herein, plaintiff sustained serious personal injuries and has suffered great mental anguish.

The plaintiff has no plain, adequate , or complete remedy at law to r redress  the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

## PUNITIVE DAMAGES

Plaintiff restates and re-alleges paragraphs 1 through 173 of count# 13 , as paragraphs 1 through 174 of count# 14, in this complaint.

The acts, conduct and behavior of the defendants were performed knowingly, intentionally and maliciously, by reasons which plaintiff is entitled to punitive damages in the amount this court

deems will make plaintiff whole again but not less than $ 100,000.00 , each defendants, Norfolk County, et al, individually, jointly and severally.

## UNREASONABLE SEIZURE    MCRA ; FCRA

Plaintiff restates and re-alleges paragraphs 1 through1 7 of count#14 , as paragraphs 1 through 175 of count#15, in this complaint.

Defendants, Norfolk County, et al, individually, collectively, while under the color of state Massachusetts laws, pretense to any statutes, customs, ordinances, regulations, or, usages, of any, rights, privileges, or, immunities, secured by the constitution with the use of threats, intimidation and coercion in retaliation.

The acts of the defendants herein were done with the purpose and intent of depriving plaintiff of his rights to be free from unreasonable seizure secured to him under the fourth amendment to the Constitution of the United States Constitution and his rights not to be deprived of Liberty without due process of law in violations of the fourteenth amendment to the Constitution of the United States, through both:

a) 42 USC§1983 (FCRA)
b) ALM gl ch. 12§§ 11 H, I (MCRA)

That solely as a result of the acts of the defendants herein, plaintiff suffered serious personal injuries and has suffered great mental anguish, and, emotional distress , loss in reputation good name, honor, integrity became sick, sore and disabled in amount to be determined at trial.

The plaintiff has no plain adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irrepairably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief plaintiff seeks.

RETALIATION UNREASONABLE SEIZURE MCRA   FCRA

Plaintiff restates and realleges paragraphs 1 through 179 of count15 as paragraphs 1 through 180 of count#16,, in this complaint.

That solely as a result of the acts of the defendants herein, plaintiff sustained serious personal injuries, and, has suffered great mental anguish, and, emotional distress, loss in reputation,good anme, honor, integrity, became sick, sore , and disable all to plaintiff damage in amount to be determined at trial.

The plaintiff has no plain adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreapirably injured by the conduct of the defendants unless this court granьts the declaratory and injunctive relief the plaintiff seeks

Defendants, Norfolk County, et al, individually, collectively, while under the color of state Massachusetts laws, pretense to any statutes, customs, ordinances, regulations, or, usages, of any, rights, privileges, or, immunities, secured by the constitution with the use of threats, intimidation and coercion in retaliation.

The acts of the defendants herein were done with the purpose and intent of depriving plaintiff of his rights to be free from unreasonable seizure secured to him under the fourth amendment to the Constitution of the United States Constitution and his rights not to be deprived of Liberty without due process of law in THE RETALIATION IN  violations of the first and fourteenth amendment to the Constitution of the United States, through both:

a)  42 USC§1983 (FCRA)
b)  ALM gl ch. 12§§ 11 H, I (MCRA)

T                                    S

## MUNICIPAL LIABILITY FOR UNOFFICIAL CUSTOM

ALM gl ch. 265 §§ 43, 43 A   GANG STALK TO HARASS   MCRA   FCRA

185. Plaintiff restates and re-alleges paragraphs 1 through 184 of count 16 , as paragraphs 1 through 185 of count 17 in this complaint.

186 Defendants, NCSO, et al, deprived plaintiff his constitutional rights as specified above through willfull and intentional violations:

1. ALM gl ch. 12§§11H, I  MCRA
2. 42USC§1983

187 Defendants, NOrfolk COUNTY, et al, individually, collectivelly, are in violations of gang-stalkjing to harass with threats, intimidation and coercion in retaliationALM gl chh 265 §§ 43, 43A , r u resulted from it being:

1. Official municipal policy
2. A unofficial policy
3. Failure to train and supervise

188 Defendants,NCSO, et al, as direct result injured plaintiff while under color of law pursuant 42 USC§1983, liability for a constitutional violation may attach to municipality if violation resulted from deliberate indifference for failing to train or supervise violating plaintiff Eric J. Duarte the acts of defendants herein were done with intent and purpose of depriving the plaintiff of his rights to be free from unreasonable seizures secured to him under the fourth amendment to the Constitution of the United STates.,and, his rights not to be deprived of Liberty without due process of law in retaliation in violations of the first,and, fourteenth amendment rights to the United States Constitution

189 That solely as a result of the acts of the defendants herein plaintiff sustained serious personal injuries and has suffered great mental anguish and emotional distress.

190 That solely as result of defendants herein actions, plaintiff sustained damges in amount to be determined at trial..

191 The plaintiff has no plain adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irrepairably injured by the conduct of the defendants uless this court grants the declaratory and injunctive relief the plaintif seeks

## COUNT #   )  MCRA ALM gl 12§§ 11H, I
### FCRA 42 USC§ 1983
### Municipality Liability for unofficial Custom

Plaintiff restates and re-alleges paragraphs 1   through 192 of count 17 as paragraph  1  through 193 of count 18 , as set forth herein.

Defendants NCSO, et al deprived plaintiff his constitutional rights as specified above through willful and intentional violations:

Massachusetts Civil Rights Act (MCRA) ; ALM gl 12§ 11H, I.
Federal Civil Rights Act (FCRA) ; 42USC§ 1983

Jefendants Norfolk COunty, et al, the use of the "restraint chair" as punishment, 103cmr505.15(4), resulted from it being:

  4. Official Municipal Policy
  5. An unofficial Policy
  6. Failure to Train & Supervise

Defendants NCSO, et al as direct result injured plaintiff while under color of law.
FCRA: 42USC§1983 liability for a constitutional violation may attach to municipality if violation resulted from deliberate indifference for failing to train or supervise violating plaintiff Eric J. Duarte rights constitute retaliation protected free speech, due process, cruel & unusual punishment under the fist and fourteenth amendments to the United STates Constitution.

## COUNT# . UNCONSTITUTIONAL POLICY ALM gl. 265§§43, 43A
### STALKING TO HARASS

Plaintiff restates and re-alleges paragraphs 1   through 196 f count 18 as paragraph 1   through 197 of count '19 , as set forth herein.

Chapter ALM gl 265§§ 43, 43A Stalking to Harass statutes, as construed and applied by defendants herein is invalid and unconstitutional for the following reasons:

a.) It is vague and ambiguous that it cannot be interpreted with any reasonable degree of certainty , and since it is criminal in nature and the purported violation thereof imposes criminal penalties as provided in chapter 265 of the 43 , 43A statue , it denies plaintiff due process of law guaranteed under the fifth, and fourteenth amendments of United States Constitution.

b.) In retaliation it abridges plaintiff rights to freedom of speech, freedom of assembly freedom of association guaranteed under the first, fifth, fourteenth amendments.

c.) It singles plaintiff out from other citizens of the State of Massachusetts requiring that plaintiff is treated differently from all other pre-trial detainees requiring that plaintiff acknowledge there " loyalty " being " Captains " or supervisors while not requiring the same from each and every other Citizen and pre-trial detainee at NCSO, and as such is arbitrary and discriminatory as applied to plaintiff, thereby depriving plaintiff of his rights to equal protection under the law guaranteed by the fifth and fourteenth amendments.

d.) The purpose , intention and effect of the statute is to coerce plaintiff into conformity of political beliefs and sexual gender associations prescribed sanctions and approved by governmental authority , and as such, violates the first, fifth and fourteenth amendments , and

e.) The statute makes no distinction between lawful and unlawful purposes of the unnamed organizations or party which believes in or teaches , directly or indirectly , the overthrow of the government of the United States by force or violence and accordingly, is predicated upon " guilt by association " and violates first, fourth , and fourteenth amnedments.

198    Plaintiff continues to make applications at this court for relief sought herein has been made to this and other courts.

199    Unless this court restrains the unconstitutional operation and enforcement of Chapter ALM gl 265§§ 43, 43A and clarifies the electronic comm device through electromagnetic optical systems transmits data & intelligence through sign, signals, images and voices through the wire directly to plaintiff all hours of the day allowing defendants to severely cyber-bully, stalk to harass if the NCSO is not ordered & enjoined from the policy of unofficial custom to monitor the plaintiff thoughts & memories throughout the day from second awake  until sleeps responding to every thought causing embarrassment and humiliation , and is now assisting in the stigmatized in the eyes of the community as a rat and homosexual also assisting in the gang-stalking and will suffer other immediate and irrepairable injury.

200    Plaintiff has no adequate remedy of law

201    WHEREFORE, PLAINTIFF Eric J. Duarte , on behalf of himself and others similarly situated prays this court:

A.    Assume jurisdiction in this matter.
202   The plaintiff has no plain adequate or complete rem law to redress the wrongs described herein. Plaintiff has ll continue to be irrepairably injured by the conduct of lefendants unless this court grants the declaratory and inju ctive relief plaintiff seeks .

## RELIEF REQUESTED

WHEREFORE, plaintiff requests that the court grant the following relief:

A. ISSUE A DECLARATORY JUDGEMENT STATING:

A   The physical abuse of the plaintiff by defendants, NCSO, et al, individually, collectivelly, violated the plaintiff rights under the fourteenth amendment right to be free from cruel & unusual punishment under constitution of the United States and constitute assault & battery and false imprisonment through both:
     1. ALM gl ch. 12 §§ 11 H, I   2. 42 USC ¶ 1983, 85(3)

B   Defendants failure to take action to curb the physical abuse of plaintiff rights under the fourteenth amendment right to be free from cruel & unusual punishment and constituted assault & battery through both:
     1. ALM gl ch. 12 §§ 11 H, I   2. 42 USC ¶§ 1983, 85 (3)

C   Defendants actions not to follow required protocols to sex abuse prevention response and/or PREA 103DOC519/522 ; 28CFR115 , constituted due process violations under the fourteenth amendment rights under the constitution of the UNited STates through both:
     1. ALM gl ch. 12 §§ 11 H, I   2. 42 USC §§ 1983, 85(3)

D   Defendants NCSO, et al, actions in failing to provider adeqaute medical care for plaintiff violated and continues to violate, plaintiff fou-rteenth amendment right to be free from cruel & unusual punishment under the constitution of the United STates through both:
     1. ALM gl ch. 12 §§ 11 H, I   2. 42 USC §§ 1983,85(3)

E   Defendants, NCSO, et al, individually, collectivelly, misconduct plxlacing the plaintiff in restarint chair as punishment three seperate times in 18 hours constitutes violation of municipality custom of gang=staLKING to harass with threats,intimidation and coercion under color of law through both:
     1. ALM gl ch. 12 §§ 11 H, I   2. 42 USC §¶| 1983, 85(3)

A. WHEREFORE, plaintiff prays this court enter following judgemen ts:

1. AWARD Plaintiff comepnsatory damages in the amount to be deter mined at trial, but not less than $ 100,000.00 , against each, defendant, NCSO, et al,individually, jointly and severally, against all defendants for matters alleged in this complaint.

2. Award plaintiff punitïve damages in the amount to be determine d at trial against all defendants except defendants municpalities if they can't be held liable for intentional acts, but not less than $ 100,000.00, against each, defendants, NCSO, et al, individ ually,jointly and severally, , against defendants for matters alleged in this complaint.

3. Award plaintiff reasonable attorney fee's pursuant 42 USC § 1988 & ALM gl ch. 12 §§11 H, I.

4. Grant such other relief and further costs as this court deems just and proper, and, equitable.

5. Grant preliminary and permanent injunction enjoining the attor ny Gebneral Office , or, independent investigator to retrieve the "AI CLoud" for the last quarter thats being used by the NCSO, for all misconduct described in all of my complaints.

6.Grant preliminary and permanent injunction enjoining defendants NCSO, et al,officers, agents, successors, attorneys, employee's, and all acting in concert namely, BSH, MDOC, and ,Wellpath Medi cal,LLC. acting in concert with them at their directions from eng aging in any practices which discriminatory against any employee or, inmate on basis of his " sex",and,run all these civil actions that are commenced and pending against any and all of these parti es to all be run together as one big complaint as my reports are violations of muncipality custom of gang-stalking to harass and and all defendants in any of the dockets pending in both stat e and fedetral courts namely  against
1. Bridgewater State Hospital

2. Massachusetts Department of Corrections
3. Wellpath Medical,LLC.
4. Norfolk Cunty SHeriff Office

7. The plaintiff is seeking a joinder with two entities and doesn't quite know the law so well if there can be available res ources to intervene and help.

DEMAND FOR TRIAL

Pursuant to Rule 38(b), of the

the plaintiff hereby demands trial by jury in this action for all issues triable.

## RELIEF REQUESTED

WHEREFORE, plaintiff respectfully prays this honorable court gran
~~XXI~~~~t the following relief:~~

A   AWARD PLAINTIFF COMPENSATORY DAMAGES FOR FOLLOWING INDIVIDUALLY,
JOINTLY AND SEVERALLY, EACH, DEFENDANT,NCSO,ET AL,FOR:

1   AWRD plaintiff COmpensatory damages for physical and emoptional i
injuires,mental anguish, pain suffering,loss in reputation, good
nhame,honor, integrity, helplessness, embarassment, humiliation,
fright, shock, became sick, sore and disabled all to plaintiff da
mage for eahc of the fals eimprisonments deprivation of lIberty
due process violations of each of the three seperate incidents.

2   For the physical and emotional injuries sustained for due process
of law deprivations in liberty for misuse of excessive force each
oof the three sperate times

3   the violations of municipality custom of gang-stalking to harass
and the emotional distress violations suffered during the implemn
of this custom unlawfully.

4   violations of the plaintiff rights to be free from cruel & unusua
l punishment under the 14 amendment to the US COnstitution throuh
both:
       1. 42 USC § 1983 FCRA  2. ALM gl ch. 12 §§ 11 H, I  MCRA

5   award plaintiff compensatory damages for each of the rights descr
ibed in this complaint and any and all available and waranted by
constitution and federal and state statutes.

6   Award compensatory damages for retaliation free speech protection
violated under the first amendment US COnstitution through both:
       1 ALM gl ch. 12 §§ 11 H, I MCRA  2. 42 USC § 1983  FCRA

7   The plaintiff has no plain adequate , complete remedy at law to
redress the wrongs described herein. Plaintiff has been and will
continue to be irrepairably injured by the conduct of the defen
dants unless this court garnts the declaratory and injunctive
relief plaintiff seeks.

XX  **WHEREFORE, plaintiff respectfully prays this honorable court grant the following judgements for plaintiff:**

A  **The plaintiff brings this action pursuant to and authorized by:**

1. **42 U.S.C. § 1983  FCRA**
2. **ALM gl ch. 12 §§ 11 H, I  MCRA**

B  By reasons of all the intentional aforesaid acts of the defendants, Norfolk County, et al , the plaintiff suffered the following specific damages by:

C  The conduct of the defendants, and acts individually and collectively constitute assault, battery, false arrest & imprisonment,prima facie tort, conspiracy tort ,invasion of privacy, intentional and negligent infliction of emotional distress, negligence, gross negligence, willful and wanton misconduct, and as direct and proximate result of one or more of the aforementioned acts and conduct, the plaintiff was caused to suffer conscious pain and suffering, emotional terror prior during and which after.

D  The plaintiff Eric J. Duarte, as administrator to estate of Eric J. Duarte have been damaged in the amount this court deems will make plaintiff whole again against each, defendant, Norfolk County, et al, individually, jointly and severally, in compensatory damages but not less than $ 100,000. Or alternative $ 100,000,000. each.

E  That because the willful and malicious acts of defendants in gross disregard to civil rights and well-being of plaintiff is entitled to additional sum in punitive damages against each, defendant, Norfolk County, et al, individually, jointly and severally but not less than $ 100,000.00 . Or alternative $ 100,000.000.00 , each

1. Adjudge and declare that the acts, policies, practices, and procedures of the defendants Norfolk County, et al , complained herein have violated the plaintiff civil rights secured by the civil rights 42 USC § 1983

2. Grant plaintiff permanent injunction enjoining defendants Norfolk County, et al ,it's officers , agents, and employees, successors, attorney's and all these acting in concert with them at their direction from engaging in any practices which discriminatory against any employee, or patient, inmate based on sex.

3. Order the Norfolk County to make whole the plaintiff adversely affected by it's discrimination practices by providing plaintiff with compensatory damages , individually, jointly and severally, against each defendants, including Norfolk County sued as person pursuant 42 USC § 1983.

4. Award plaintiff punitive damages pursuant to 42 USC§ 1983 , and ALM gl ch. 12§§ 11H, I , including if agreeable is liable as threats, intimidation and coercion and municipality Norfolk County , can be held liable for intentional acts it being custom causing violations

5. Enjoin the Commonwealth of Massachusetts from employing any and or all employee's and defendants being held liable in this complaint for their misconduct.

6. Grant plaintiff reasonable attorney fee's pursuant 42 USC§1988 & ALM gl ch. 12 §§ 11H, I.

7. Grant such other relief court deems just, proper and under circumstances.

## JURY DEMAND

G

The plaintiff claims his rights to a trial by jury of all claims so triable asserted at anytime, and of defenses asserted at anytime by any current or later named defendants.

## I.    REQUEST FOR RELIEF

XXX **WHEREFORE** , plaintiff respectfully prays that this court enter judgement granting plaintiff :

A    A declaration that the acts and omissions described herein violated plaintiff rights under the constitution and laws of the United States ,and, Massachusetts.

B    A preliminary and permanent injunction ordering the defendants to dismiss all criminal charges pertaining to these events namely docket#2282CR00094-001/005, and, granting this plaintiff favorable termination that he seeks

C    **COMPENSATORY DAMAGES** ,in the amount this court deems will make plaintiff whole again bot not less than $ 100,000.00 each, defendant, City of Quincy, et al, individually, jointly, and, severally, or, alternative at trial

D    **PUNITIVE DAMAGES** ,in the amount this court deems will make plaintiff whole again bot not less than $ 100,000.00 each, defendant, City of Quincy, et al, individually, jointly, and, severally, or, alternative at trial

E    A jury trial on all issues triable by jury

F    Plaintiff costs in this suit including reasonable attorney fee's pursuant 42usc§1983

G    Any additional relief this court deems just, proper, and equitable

Dated: 12/13/2024

RESPECTFULLY SUBMITTED,

Eric J. Duarte M140138

Bridgewater State Hospital

20 Administration Road

Bridgewater,MA 02324


## II.    VERIFICATION

1. I have read the foregoing complaint and hereby verify that the matters alleged therein are true , except as to those matters on information and belief, and, as to those I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

X

## EXECUTED AND SUBSCRIBED AT BRIDGEWATER STATE HOSPITAL, 20 ADMINISTRATION ROAD, BRIDGEWATER,MA 02324


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the attached civil complaint and summons together with all papers were sent by first class US mail registered by duly pre-paid postage before 5pm on, 10/1/3024 to the attorneys on record

Eric J. Duarte Pro Se M140138
Bridgewater  State Hospital
20 Administration Road
Bridgewater ,MA 02324