UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ERIC J. DUARTE,
            Plaintiff,

      v.

NORFOLK COUNTY SHERIFF'S OFFICE,
et al.,
            Defendants.

Civil Action No.
24-13115-NMG

ORDER

GORTON, J.

      Eric J. Duarte initiated this action by filing a complaint while confined to the Bridgewater States Hospital ("BSH"). Doc. No. 1. The complaint alleges that while confined at the Norfolk County Correctional Center ("NCCC"), Duarte was subjected to various forms of unconstitutional treatment. Id. In addition, he contends that he was subjected to wrongful criminal prosecution based on the alleged unconstitutional conduct by certain members of the Quincy Police Department. Id. With his complaint, he filed a motion for leave to proceed in forma pauperis ("IFP"). Doc. No. 2.

      On July 14, 2025, Duarte's IFP was denied without prejudice. Doc. No. 7. The Court found that while he was incarcerated, Duarte had filed at least six civil actions that were dismissed as frivolous or malicious or for failure to state a claim upon which relief could be granted. Id. The Court

informed Duarte that he cannot proceed without prepayment of the filing fee unless he shows that the alleged misconduct set forth in the complaint presently places him "under imminent danger of serious physical injury." Id.  He was advised that to proceed, he either must (1) pay the $405.00 filing fee; or (2) show cause why the "three strikes" rule of 28 U.S.C. § 1915(g) does not bar him from proceeding without prepayment of the filing fee.  Id.

In response, Duarte filed a motion for joinder of claims and affidavit.  Doc. Nos. 9, 10.  He subsequently filed a declaration, a notice, a response and two additional affidavits. Doc. Nos. 11 - 15.

Duarte has not paid the filing fee and, because his allegations concern his past treatment while at the NCCC, he has not demonstrated that he is in imminent danger of serious physical injury.

In light of the foregoing, the Court denies the motion for joinder and dismisses this action without prejudice.  The clerk shall enter a separate order of dismissal.

**So ordered.**

_Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated: March 5, 2026

2